Trials@uspto.gov  
571-272-7822

Paper 33  
Entered: March 9, 2017

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

JOHNSON SAFETY, INC.  
Petitioner,

v.

VOXX INTERNATIONAL CORPORATION  
Patent Owner.

_____

Case IPR2016-01074  
Patent 7,839,355

Before BRYAN F. MOORE, DANIEL N. FISHMAN, and JOHN F. HORVATH, *Administrative Patent Judges.*

MOORE, *Administrative Patent Judge.*

DECISION  
Denying Petitioner's Request for Rehearing  
*37 C.F.R. § 42.71(d)*

IPR2016-01074
Patent 7,839,355 B2

INTRODUCTION

Petitioner, Johnson Safety, Inc., filed a Request for Rehearing (Paper 28, "Req. Reh'g") of a portion of the Decision on Institution (Paper 26, "Dec. on Inst.") ("Decision") of U.S. Patent No. 7,839,355 B2 (Ex. 1001, "the '355 patent"). In the Request for Rehearing, Petitioner argues that the Decision overlooked certain matters in denying review of the claims on grounds that include Lavelle-365 (i.e., grounds I[1] and III[2]). For the reasons set forth below, the Request for Rehearing is granted for clarification of the Decision to Institute but otherwise *denied*.

ANALYSIS

When considering a request for rehearing, we review the Decision for an abuse of discretion. 37 C.F.R. § 42.71(c). The party requesting rehearing bears the burden of showing that the Decision should be modified, and "[t]he request must specifically identify all matters the party believes [we] misapprehended or overlooked." 37 C.F.R. § 42.71(d).

Petitioner argues that we misapprehended and overlooked statutory rules requiring the filing of an oath in a continuation-in-part application. Req. Reh'g 3–7. Petitioner argues "no oath executed by any individual in accordance with the specific requirements of 35 U.S.C. § 115 directed to the application for the '355 Patent, and the CIP Added Subject Matter, was filed during prosecution . . ." *Id.* at 7–8. According to Petitioner, only an oath directed to the parent application, and thus directed only to the old subject

---

[1] Challenging that claims 1, 2, 4, 10, 11, 12, 14, 18, 20, 26, 30, 32, 38, 39, and 42 would have been obvious over Lavelle-365, Jost, and Chang.
[2] Challenging that claims 14, 18, 20, and 42 would have been obvious over LCM500NP and Lavelle-365.

2

**Attachment - PTAB Ruling 2**

IPR2016-01074
Patent 7,839,355 B2

matter, was filed, which cannot establish the identity of the inventor(s) for the CIP Added Subject Matter presented in the application for the '355 Patent. *Id.* at 8.

As Petitioner admits, however, Patentee did file an oath in the application that issued as the '355 patent. That oath was deficient, however, because it did not address any new matter contained in the continuation-in-part application. Nonetheless, the Patent Office accepted the oath and issued the '355 patent. If the Patent Office had not accepted the oath, the application would have been abandoned, and the '355 patent never would have issued. *See* 35 U.S.C. § 111(a)(4) (pre-AIA).

Petitioner argues that the Board has improperly waived the oath requirement of 35 U.S.C. § 111(a)(3). However, that section is not applicable to the situation here, where an oath, although a deficient one, was filed by the applicant. *Cf. Exxon Corp. v. Phillips Petroleum Co.*, 265 F.3d 1249, 1253 (Fed. Cir. 2001) ("Although the PTO has no authority to waive the statutory requirement that every patent application must have at least one claim when filed . . . the Exxon application was not without a claim because the PTO acted to avert this defect.").

We clarify the Decision on Institution, as noted above, in that we do not accept the supplemental oath pursuant to 35 U.S.C. § 111(a)(4). Rather, we accept it as a supplemental oath to correct a deficiency in the originally filed oath under 37 C.F.R. § 1.67. *See* 37 C.F.R. § 1.67 (pre-AIA) (65 FR 54604, Sept. 8, 2000, effective Nov. 7, 2000) (stating that a supplemental oath may be submitted to correct "any deficiencies or inaccuracies present in the earlier-filed oath or declaration.").

IPR2016-01074
Patent 7,839,355 B2

Petitioner argues that the failure of the inventors to attest to being the first to invent any new subject matter added to the continuation-in-part application "is not a deficiency or inaccuracy as contemplated by MPEP § 603 and 37 C.F.R. § 1.67," wherein examples listed deal with incorrect mailing addresses of inventors, incorrect citizenship of inventors, and omitting required oath language. Req. Reh'g 8–9. We disagree. The examples listed in the MPEP are just that, examples rather than an exhaustive list of those situations that may be corrected. MPEP § 603.01 (9th ed., Rev. 07.2015, November 2015) ("The following *examples* illustrate how *certain deficiencies* or inaccuracies in an oath or declaration may be corrected." (emphases added)). The rule permitting the filing of supplemental oaths indicates that they may be filed to correct "*any* deficiencies or inaccuracies" in an earlier filed oath. 37 C.F.R. § 1.67 (emphasis added). Additionally, the Federal Circuit, faced with similar facts in a slightly different context, declined to allow a collateral attack on a patent based on the filing of a copy of a prior oath rather than a new oath.

> The Federal Circuit stated
>
> [t]he *issue here raised* is not one of substantive continuity of disclosure, but *solely of whether a photocopy of the prior oath, instead of a new oath, was acceptable for filing, when it was in fact accepted for filing*. Any technical deficiency in meeting the formal requirements of Rule 60 must be viewed in light of the agency's acceptance of the applications as in compliance with the Rule. Regularity of routine administrative procedures is presumed, and departure therefrom, should such have occurred, is not grounds of collateral attack.

*Hyatt v. Boone*, 146 F.3d 1348, 1355 (Fed. Cir. 1998). We agree with this sentiment. A departure from the routine administrative procedures is not grounds for a collateral attack in this case. We determine that the filing of a

4

IPR2016-01074
Patent 7,839,355 B2

defective prior oath that did not include language covering new matter in the continuation-in-part application is properly remedied by the filing of a supplemental oath in the particular set of circumstances presented here, in which the Patent Office accepted the defective, originally filed oath.  In any event, we determine that the filing of a supplemental oath, under these circumstances, does not operate to invalidate the patent at issue or prevent Voxx from being considered the Patent Owner.[3]  Thus, we are not persuaded by this argument.

 Petitioner also argues that it "need not present evidence to rebut the statement in the supplemental oath that the failure to file a proper oath in the original patent file was unintentional." Req. Reh'g 10.  This argument is moot because, as we clarified above, we do not accept the supplemental oath pursuant to 35 U.S.C. § 111(a)(4); rather, we accept it as an instrument to correct a correctable deficiency under 37 C.F.R. § 1.67.

 Finally, Petitioner's argument that Patent Owner lacks standing is predicated on the allegation that the supplemental oath cannot be accepted by the Board.  As we explained above, we disagree with that allegation.  Therefore, Petitioner's argument regarding standing is moot.[4]

## CONCLUSION

 The Request for Rehearing does not demonstrate that we misapprehended or overlooked any matters raised in the Petition declining to

---

[3] This decision does not address the propriety of filing a supplemental oath in other situations such as during prosecution or in the event of a reissue.

[4] We also note that *Petitioner* filed this request for *inter partes* review, and in doing so, specifically identified Voxx as the owner of the '355 patent. *See* Paper 2, 3.

IPR2016-01074
Patent 7,839,355 B2

institute review of claims 1, 2, 4, 10, 11, 12, 14, 18, 20, 26, 30, 32, 38, 39, and 42 over Lavelle-365, Jost, and Chang, and claims 14, 18, 20, and 42 over LCM500NP and Lavelle-365.  35 U.S.C. § 314(a).

ORDER

In consideration of the foregoing, it is hereby:

ORDERED that the Request for Rehearing is granted for clarification of the Decision to Institute but otherwise *denied*.


PETITIONER:

Gregory M. Howison
John J. Arnott
Keith D. Harden
HOWISON & ARNOTT, L.L.P.
ipr@dalpat.com


PATENT OWNER:

Dean E. McConnell
INDIANO & MCCONNELL LLP
dean@im-iplaw.com

Frank Chau
Richard D. Ratchford Jr.
F. CHAU & ASSOCIATES LLC
chau@chauiplaw.com
rratchford@chauiplaw.com